Fenny v. Holder

BIA
Brennan, IJ
A 088 426 470

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

FNU FENNY,
> *Petitioner,*

> v.                                    12-883
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          H. Raymond Fasano, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Nairi S. Gruzenski, Trial Attorney; Office of

Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fenny, a native and citizen of Indonesia, seeks review of a February 7, 2012 decision of the BIA affirming the November 12, 2009, decision of an Immigration Judge ("IJ"), which denied Fenny's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re FNU Fenny*, No. A088 426 470 (B.I.A. Feb. 7, 2012), *aff'g* No. A088 426 470 (Immig. Ct. N.Y. City Nov. 12, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Fenny does not challenge the agency's finding that her asylum application was untimely,

that finding is dispositive.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).  Regardless, as discussed below, Fenny has also failed to meet her burden of proof for asylum, as well as for withholding of removal and CAT relief.

**I.  Past Persecution**

Substantial evidence supports the agency's determination that Fenny did not suffer past persecution. The agency reasonably concluded that Fenny's brief testimony that she was robbed and sexually assaulted numerous times was insufficient to carry her burden of proof, particularly as she had not included the incidents in her asylum application and provided no detail about any of the incidents.  *See Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011) (holding that the agency did not err in finding that the applicant's vague testimony was insufficient to sustain her burden of proof); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (treating an omission the same as an inconsistency for purposes of credibility).  Nor did the agency err in finding that the equally vague letter from Fenny's father failed to rehabilitate her testimony, as it did not mention any harm

3

she suffered.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341–42 (2d Cir. 2006).

Furthermore, contrary to Fenny's argument that the agency failed to consider the cumulative effect of the harm she suffered in Indonesia, the record indicates that both the IJ and the BIA listed all of the harm that Fenny alleged and, referring to it collectively, concluded that the alleged harm did not amount to persecution.  Considering the harm in the aggregate, the agency reasonably found that Fenny failed to establish past persecution, as she only vaguely testified about being robbed and touched sexually, and admitted that she was not harmed — and indeed later returned without serious consequence — after leaving Indonesia with her family out of safety concerns during the May 1998 riots.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (noting that to constitute persecution, the alleged past harm must rise above "mere harassment"); *see also Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005) (citing *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995) ("[P]ersecution is an extreme concept that does not include every sort of

4

treatment our society regards as offensive.")), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

Finally, Fenny failed to establish that the harm she suffered was at the hands of government actors. To the contrary, she testified that when her family escaped the 1998 riots, the police assisted her family by escorting them out of the city and providing them shelter in a police camp. *Cf. Ivanishvili*, 433 F.3d at 342 (recognizing that private acts may constitute persecution if the government is shown unwilling to control such actions).

**II. Pattern or Practice of Persecution**

Absent the presumption of future persecution, the agency reasonably found that Fenny failed to independently establish a well-founded fear of persecution. *See* 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2). Although various State Department reports in the record referenced sporadic incidents of religious violence and ethnic tensions, they did not show a pattern or practice of violence against ethnic Chinese or Buddhists. Rather, similar to the evidence presented in *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009), the evidence here indicates widespread tolerance of various religions and that ethnic Chinese play an increasingly important role in public life in Indonesia.

5

Furthermore, we reject Fenny's contention that the Ninth Circuit's opinion in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir. 2004), requires a different outcome. In that opinion, which is not binding here, the Ninth Circuit held that because ethnic Chinese were a historically "disfavored group" in Indonesia, a lower level of individualized risk was required to show a well-founded fear of future persecution. *Sael*, 386 F.3d at 927. Here, Fenny did not present the agency with any individualized evidence, other than her vague testimony, suggesting that she, in particular, would be subject to persecution in Indonesia.

Because Fenny was unable to show that she had a well-founded fear of persecution, needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on claims for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

6

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk